Robert L. Mezzetti II,    SBN: 114282
Maureen Pettibone Ryan   SBN: 245438
Christopher R. Mezzetti SBN: 282287
Mezzetti Law Firm, Inc.
31 East Julian Street
San Jose, CA 95112
Telephone: (408)279-8400
Facsimile:  (408) 279-8448

Attorneys for Plaintiff
Colonel David Randolph Scott (Ret.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COLONEL DAVID RANDOLPH SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>BULOVA CORPORATION, a New York corporation; STERLING JEWELERS, INC. dba KAY JEWELERS, a Delaware corporation; and DOES 1 through 99, inclusive,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR:<br><br>(1) COMMON LAW INVASION OF RIGHT OF PUBLICITY THROUGH COMMERCIAL APPROPRIATION OF NAME AND LIKENESS;<br>(2) COMMON LAW INVASION OF RIGHT OF PRIACY;<br>(3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344;<br>(4) LANHAM ACT FALSE ADVERTISING;<br>(5) FALSE DESIGNATION OF ORIGIN OR DESCRIPTION;<br>(6) NEGLIGENCE;<br>(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(8) NEGLIGENT INFLICTION OF EMOTIOINAL DISTRESS AND<br>(9) UNJUST ENRICHMENT<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Colonel David Randolph Scott ("Plaintiff" or "Scott"), an individual, complaining of Defendants, and each of them, demands a trial by jury of all issues and causes of action and alleges that:

///

///

-1-

Complaint

## JURISDICTION AND VENUE

1. **Jurisdiction.** This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising out of state law pursuant to 28 U.S.C. §1367.

2. **Venue.** Venue is proper pursuant to 28 U.S.C. §1391 because Defendants Bulova Corporation and Sterling Jewelers, Inc. do business in California and because the Defendant Sterling Jewelers, Inc. in Santa Clara, California, advertised and sold the infringing watch at issue in this case.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gives rise to this lawsuit occurred in Santa Clara County. Specifically, Defendant Sterling Jewelers, Inc., at its Kay Jewelers #2242 location, 2855 Stevens Creek Boulevard, San Jose, California, 95128 (Santa Clara County), advertised and took an order for the infringing watch using Colonel David Scott's name, image, and likeness on November 3, 2016, and subsequently, finalized the sale of the watch on December 2, 2016.

## PRELIMINARY ALLEGATIONS

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of all Defendants named herein as DOES 1 through 99, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave to amend this complaint to show the true names and capacities of these Defendants when they are ascertained.

5. Plaintiff is informed and believes, and based thereon alleges that each DOE Defendant was the agent, servant, and employee of the other Defendants, and was acting at all times within the scope of his/her agency and employment, and with the knowledge and consent of his/her employer. Defendants, and each of them, at all times herein mentioned acted jointly and in concert and conspired and agreed to do the things hereinafter specified; and each and all of the things hereinafter alleged to have been done by Defendants, or any of

Complaint

them, were done as co-conspirators and thus, as agents for each other, as well as in their respective corporate or individual capacities, to advance their own individual interests. As a result of participating in the acts alleged herein, each Defendant, including the DOE Defendants, is liable to Plaintiff.

## PARTIES

6. Plaintiff is an individual and a retired Colonel of the United States Air Force. He was the Pilot of Gemini 8, Command Module Pilot of Apollo 9, and Commander of the Apollo 15 space mission, and one of only 12 people to have walked on the moon. Plaintiff's name, reputation and likeness are known through the United States and worldwide. Plaintiff is universally recognized as one of the greatest pioneers of space exploration. Plaintiff Scott is readily identifiable, not only by his personal appearance, but by his name, and he enjoys a major national and international reputation and following. Plaintiff's achievements and worldwide reputation have endowed him with substantial and valuable goodwill.

7. Plaintiff Scott's activities include not only educational endeavors in connection with space exploration, but also the occasional endorsement of a product which Plaintiff personally supports, whether or not that product is directly connected with space exploration.

8. Plaintiff is informed and believes, and based thereon alleges that Defendant, Bulova Corporation ("Bulova"), is, and at all times mentioned herein was, a New York corporation qualified to do business in California and doing business in the County of Santa Clara, itself and together with corporate partners and corporate alliances; and that Bulova is involved in the manufacture, distribution and sale of watches in Santa Clara County and in a national and international market. In or around 2016, Bulova created marketing and distribution materials for the Bulova Special Edition Moon Chronograph and used Plaintiff's name, image and likeness to sell the Bulova Special Edition Moon Chronograph in Santa Clara County.

9. Plaintiff is informed and believes, and based thereon alleges that Defendant, Sterling Jewelers Inc. dba Kay Jewelers ("Kay"), is a retail jeweler which is, and at all times mentioned herein was, qualified to do business in California and doing business in the County

-3-

Complaint

of Santa Clara. Kay retails the infringing Bulova Special Edition Moon Chronograph at issue in the instant action and continues to use Plaintiff's name and likeness to promote, market and sell the watch in Santa Clara County.

### FIRST CAUSE OF ACTION
(Invasion of Right of Publicity Through Commercial Appropriation of Name and Likeness)

10. Plaintiff incorporates by this reference each and every allegation in Paragraphs 1 through 9 as though fully set forth herein.

11. Plaintiff is informed and believes, and based thereon alleges that Defendants misappropriated Plaintiff's name, image and likeness in promoting, marketing, and selling the Bulova Special Edition Moon Chronograph (the "Bulova watch"), for Defendants' own commercial purpose and benefit, by causing the design and distribution of promotional material which prominently displays Plaintiff's name and image.

12. Plaintiff is readily identifiable from the marketing material itself which prominently displays photographs of Plaintiff on the moon in his NASA space suit. Plaintiff's likeness, in the form of these photographs, is clearly confirmed by the use of his full name, which is conspicuously printed in the marketing material, and by reference to his title, "Apollo 15 mission commander." [sic]

13. By doing the acts alleged herein, Defendants falsely implied Plaintiff's consent to the use of his name and likeness, and an endorsement by Plaintiff of those products being sold in the County of Santa Clara, and throughout the United States and elsewhere, and also invaded Plaintiff's rights of publicity and privacy.

14. Plaintiff is informed and believes and based thereon alleges that Defendants used what they knew to be Scott's name and likeness in the design and distribution of their promotional material with the sole and express intention of: (i) suggesting that Scott endorsed Defendants' products; (ii) enhancing the value of the entire Bulova and Kay line of products; (iii) increasing greatly the number of persons who would buy Defendants' products; (iv)

Complaint

thereby increasing the number of purchasers of Defendants' products in general; (v) thereby increasing Defendants' revenues through additional sales of their products.

15. At no time prior to the design or distribution of the Bulova watch and accompanying advertisement was Plaintiff's consent or endorsement obtained. The appropriation was unauthorized and without the consent of Plaintiff. Neither Plaintiff nor his authorized agents, at any time, directly or indirectly, either by written agreement or orally, or in any other manner consented to or authorized the use of Plaintiff's name or likeness to promote Defendant's products or businesses. Specifically, on January 13, 2016, Defendant Bulova was warned that Plaintiff has the exclusive right to the use of his name, image, and likeness and that Defendant Bulova was not authorized to use Plaintiff's name, image, or likeness in the marketing or advertisement of any of its products.

16. The Defendants, and each of them, misappropriated Plaintiff's name and likeness, through their reference to and use of Plaintiff's likeness in Defendant's product, product description, and marketing material for the purpose of exploiting, or taking advantage of Plaintiff's reputation, prestige, goodwill, and the interest and value attached to Plaintiff's name and likeness, and which purpose served to capitalize on Plaintiff's fame to enhance Defendants' fortune.

17. Defendants, and each of them, misappropriated and utilized Plaintiff's unique status as a legend in space exploration. Said uniqueness which Plaintiff possesses is one for which he is compensated financially when utilized by another for a commercial purpose.

18. The misappropriation by Defendants, and each of them, was for each of the Defendants' own commercial gain and advantage. Any use of Plaintiff's name and likeness could only result in increased consumer interest and revenues for Defendants. Said misappropriation directly affected Plaintiff's commercial interests which the right of publicity is designed to protect.

19. As a proximate result of the above described misappropriation, Plaintiff's right of publicity, as defined by the common law of the State of California, was invaded through the unauthorized commercial appropriation of his name and likeness by Defendants.

Complaint

20. Plaintiff is informed and believes, and based thereon alleges that, unless enjoined, Defendants will continue to utilize Plaintiff's persona to promote their products. Unless and until enjoined and restrained by the order of this court, Defendants' continued unauthorized commercial use of Plaintiff's name and likeness will cause Plaintiff great and irreparable injury in that Plaintiff will continue to have his privacy invaded, and the value of any commercial use to which Plaintiff might otherwise assign his name or likeness will be greatly diminished.

21. Plaintiff has no speedy, adequate or quick remedy at law for any future distribution of Defendants' promotional material because, among other things:

    a. The loss to Plaintiff's reputation and the diminished value of using his name and likeness for commercial purposes could never be completely and adequately compensated by the payment of money damages; and

    b. Collecting damages for each unauthorized distribution of the promotional material would require a multiplicity of actions at law.

22. Plaintiff is therefore entitled to an injunction enjoining Defendants, their agents, representatives, servants, employees, or any other persons acting in concert with them, from directly or indirectly utilizing Plaintiff's persona to market their products and business or from otherwise, directly or indirectly, using Plaintiff's name or likeness, in the form of a photograph or in any other form, for their commercial advantage.

23. An injunction is necessary to prevent public deception. Unless Defendants are enjoined, the public will be misled into believing that Plaintiff Scott endorses Defendant Bulova's and Defendant Kay's products and businesses, when such is not the case.

24. As a direct and proximate result of the acts alleged above, Plaintiff has been damaged in a sum which is not presently ascertainable but which includes: (i) the market value of the use of Scott's name and likeness in connection with the advertisement; (ii) the damage to Scott's reputation; (iii) the diminution in the value of using Scott's name and likeness for other commercial purposes; and (iv) compensation for the mental anguish,

1. emotional distress, embarrassment and annoyance caused to Plaintiff by the advertisement's distribution. Plaintiff is entitled to damages according to proof.

25. Defendants, and each of them, have been guilty of oppression, fraud, or malice in that Defendants distributed the advertisement with a willful and conscious disregard of Plaintiff's rights, and Plaintiff, in addition to his actual damages, is, by reason thereof, entitled to recover damages for the sake of example and by way of punishing Defendants in such amount from each Defendant as the proof at trial may indicate is appropriate.

26. By reason of Defendants' wrongful acts as hereinabove alleged, and in addition to damages and injunctive relief:

   a. Plaintiff is entitled to an accounting of all sums received, directly or indirectly, by Defendants as a result of the unauthorized use of Scott's name and likeness in connection with the sale of their products since the promotional material was published to third parties and disseminated nationwide, and to an accounting of all the proceeds of such sum; and

   b. Defendants are involuntary trustees holding all such sums and their proceeds under a constructive trust for the benefit of Plaintiff with the duty to transfer the same to Plaintiff forthwith.

## SECOND CAUSE OF ACTION

(Invasion of Right of Privacy)

27. Plaintiff realleges and incorporates by this reference paragraphs 1 through 26 as though fully set forth herein.

28. Over the last 45 years, Plaintiff has cultivated a worldwide character and image of one who rarely commercially exploits his celebrity status, notwithstanding the vast number of opportunities to do so for substantial sums of money.

29. Defendants' exploitation of Plaintiff's name and likeness for their commercial advantage is an invasion of Plaintiff's privacy which has tarnished Plaintiff's reputation and polluted his image, and in so doing, has caused him severe mental anguish and emotional distress.

-7-

Complaint

30. As a direct and proximate result of Defendant's violation of Plaintiff's right of privacy, plaintiff is entitled to injunctive relief, general and special damages, punitive damages, and the imposition of a constructive trust, as more particularly alleged in paragraphs 21 through 26 above.

### THIRD CAUSE OF ACTION
(Violation of California Civil Code section 3344)

31. Plaintiff realleges and incorporates by this reference paragraphs 1 through 30 as though fully set forth herein.

32. California Civil Code section 3344 provides in pertinent part that "any person who knowingly uses another's . . . name, voice or likeness . . . for purposes of advertising or selling or soliciting purchases of, products, merchandise, goods or services without such person's prior consent . . . shall be liable for any injuries sustained by the person or persons injured as a result thereof."

33. Defendants' uses of Scott's name and likeness in association with marketing their products, as hereinabove alleged, was done knowingly and intentionally for commercial purposes and constitutes violation of Civil Code section 3344.

34. At no time did Plaintiff give his consent to such use.

35. Defendants' conduct involved the misappropriation of Plaintiff's name and likeness. Plaintiff is readily identifiable from the advertisement in that he is identified by name and any person who sees the photographs of Plaintiff accompanied by Plaintiff's well-known name and title can reasonably determine that the person depicted by the advertisement is the Plaintiff.

36. The appropriation was for the Defendants' advantage in that it was for Defendant's pecuniary gain and profit.

37. As a direct and proximate result of Defendants' violations of Civil Code section 3344, Plaintiff is entitled to injunctive relief, damages, punitive damages, and the imposition of a constructive trust, as more particularly alleged in paragraphs 21 through 26 above.

Complaint

38. Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to Civil Code section 3344(a).

### FOURTH CAUSE OF ACTION
(Lanham Act False Advertising)

39. Plaintiff realleges and incorporates by this reference paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff has rights to the commercial use of his name and his likeness.

41. Defendants' use of Plaintiff's name, image and likeness to promote Defendants' product is false advertising in violation of Lanham Act section 43(a). Defendants' intentional use of Plaintiff's name and likeness in marketing and advertising material for Defendants' product, the Bulova Special Edition Moon Chronograph, has the tendency to deceive and confuse consumers into believing that Plaintiff endorsed Defendants' product.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in that his right to the commercial use of his name and likeness have been invaded and further, he has lost revenues as a result of the false advertising, all to Plaintiff's general damage in an amount according to proof. In addition, as the exact amount of Plaintiff's special damages are not known at this time, Plaintiff prays leave to amend his complaint when said amount is ascertained.

### FIFTH CAUSE OF ACTION
(False Designation of Origin or Description)

43. Plaintiff realleges and incorporates by this reference paragraphs 1 through 42 as though fully set forth herein.

44. On information and belief Defendants used Plaintiff's name and likeness, for commercial purposes to cause confusion or deceive consumers into believing the source of the Bulova watch was related to, endorsed by or permitted by Plaintiff when Plaintiff has no connection with Defendants and has not endorsed said product.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in that his right to the commercial use of his name and likeness have been invaded and further, he has lost revenues as a result of the false advertising, all to Plaintiff's general

Complaint

damage in an amount according to proof. In addition, as the exact amount of Plaintiff's special damages are not known at this time, Plaintiff prays leave to amend his complaint when said amount is ascertained.

### SIXTH CAUSE OF ACTION
(Negligence)

46. Plaintiff realleges and incorporates by this reference paragraphs 1 through 26 as though fully set forth herein.

47. Defendants, and each of them, owed a duty to Plaintiff to do nothing which might harm his interests, and if any commercial use was to be made of his name or likeness, to first seek his permission and consent for such use.

48. Defendants, and each of them, breached this duty of care to the Plaintiff, when in 2016, Defendants, without Plaintiff's knowledge, permission, and/or consent, utilized Plaintiff's name and likeness on marketing material to promote Defendants' products.

49. As a proximate result of Defendants' breach of duty, Plaintiff has been damaged in that his rights of privacy have been invaded and further, he has lost revenues as a result of the misappropriation of his rights of publicity, all to Plaintiff's general damage in an amount according to proof. In addition, although the exact amount of Plaintiff's special damages are not known at this time, Plaintiff prays leave to amend his complaint when said amount is ascertained.

### SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

50. Plaintiff realleges and incorporates by this reference paragraphs 1 through 49 as though fully set forth herein.

51. When Defendants did the acts described in this Complaint, they did so deliberately and they were fully aware that such intentional acts would result in Plaintiff's humiliation, mental anguish, worry, and outrage, and result in a disturbance of Plaintiff's rights to emotional tranquility and rights of privacy. Defendants' acts, and each of their conduct, was

-10-

Complaint

done with their full knowledge and wanton and reckless disregard for Plaintiff's rights, peace of mind and emotional health and well-being.

52. As a direct and proximate result of the wrongful and deliberate acts, Plaintiff has suffered and continues to suffer humiliation, mental anguish and emotional distress, and has been injured in mind, all to his damage in an amount to be proven.

53. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious and oppressive and justify the award of exemplary and punitive damages in an amount to be proven.

### EIGHTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

54. Plaintiff realleges and incorporates by this reference paragraphs 1-26, and 46-49, as though fully set forth herein.

55. When Defendants, and each of them, acted as aforesaid, it was foreseeable by each and all of them that their actions would result in emotional injury to the Plaintiff. Notwithstanding their knowledge of the emotional distress which was likely to result on the part of the Plaintiff, or the fact that they should have known the same result would probably occur, Defendants, and each of them, did those acts as alleged above.

56. The aforesaid acts of Defendants, and each of them, constitute the negligent infliction of emotional distress on Plaintiff.

57. As a direct and proximate result of the aforesaid acts, Plaintiff has suffered humiliation, worry, anxiety, upset, anger, mental anguish and has had his emotional peace and tranquility disrupted, all to his damage in an amount to be proven.

### NINTH CAUSE OF ACTION
(Unjust Enrichment Against All Defendants)

58. Plaintiff realleges and incorporates by this reference paragraphs 1 through 57 as though fully set forth herein.

59. As a result of Defendants' wrongful acts as hereinabove alleged, Defendants, and each of them, have been unjustly enriched and benefitted in an amount at least equivalent

-11-

Complaint

to the value of the unauthorized use of Plaintiff Scott's name and likeness. In addition, the Defendants have been unjustly enriched by the implied endorsement by plaintiff of these particular products which in turn has a carry-over effect on Defendants' commercial reputation and the distribution and sale of all their products. Plaintiff is entitled to damages according to proof.

60. Defendants are under an obligation to pay Plaintiff forthwith the entire amount by which they have been unjustly enriched and benefitted; Plaintiff is also entitled to a constructive trust as more particularly alleged in paragraph 26 above.

## Demand for Jury Trial

61. Plaintiff realleges and incorporates by this reference paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff hereby demands a jury trial in this action as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For preliminary and permanent injunctions enjoining Defendants, their agents, representative, servants, employees, or any other persons acting in concert with them, from directly or indirectly distributing any advertisement or other promotional/marketing material using Plaintiff Scott's name, image or likeness for their commercial advantage;

2. For general damages according to proof;

3. For special damages according to proof;

4. For non-economic damages according to proof;

5. For punitive damages in an amount to be determined at trial;

6. For recovery of the entire amount by which Defendants have been unjustly enriched and benefitted, in a sum to be determined at trial;

7. For interest on damages as provided by law (Civ. C. §§ 3287-3291, 3300-3302);

-12-

Complaint

-13-

1     8.    For costs of suit incurred herein;

2     9.    For Plaintiff's attorneys' fees incurred herein; and

3     10.    For such other and further relief as the Court deems just and proper.

DATED: January 13, 2017            MEZZETTI LAW FIRM, INC.

_____
ROBERT L. MEZZETTI, II

-13-

Complaint