UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RANDOLPH SCOTT,<br><br>          Plaintiff,<br><br>     v.<br><br>CITIZEN WATCH COMPANY OF AMERICA, INC., et al.,<br><br>          Defendants. | Case No. 17-cv-00436-NC<br><br>**ORDER RE: ADMINISTRATIVE SEALING MOTIONS**<br><br>Re: ECF 101, 103, 111, 116 |

Before the Court are four administrative motions to file documents under seal. ECF 101, 103, 111, 116. The first two, ECF 101 and 103, were filed by plaintiff David Randolph Scott and seek to seal information that defendants Citizen Watch Company of America ("Bulova") and Sterling Jewelers Inc. ("Kay") designated as confidential pursuant to the parties' stipulated protective order. The second two, ECF 111 and 116, were filed by Bulova and seek to seal Bulova's own confidential information.

The documents sought to be sealed here relate to the defendants' motions for summary judgment and so are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). Consequently, they are sealable only if the Court finds there are "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). Compelling

1   reasons justifying the sealing of court records generally exist "when such 'court files might
2   have become a vehicle for improper purposes,' such as the use of records to gratify private
3   spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at
4   1179 (internal quotation marks and citation omitted). However, "[t]he mere fact that the
5   production of records may lead to a litigant's embarrassment, incrimination, or exposure to
6   further litigation will not, without more, compel the court to seal its records." *Id.*

7   In addition, Civil Local Rule 79-5 states that a sealing order is appropriate only
8   upon a request establishing that the document is "sealable," or "privileged, protectable as a
9   trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The
10  request must be narrowly tailored to seek sealing only of sealable material, and must
11  conform with Civil [Local Rule] 79-5(d)." *Id.* If the moving party seeks to seal material
12  that another party designated as confidential, the designating party must file a supporting
13  declaration within four days of the motion establishing that all the designated material is
14  sealable. Civ. L.R. 79-5(e)(1).

15  Scott's motions seek to seal Bulova's and Kay's designated material, so responsive
16  filings were required. *See id*. Bulova filed a response seeking only to seal five paragraphs
17  in the expert report of Steven Larry Londre, and stating its non-opposition to the remaining
18  documents being filed publicly. *See* ECF 106. Kay did not file a supporting declaration.
19  The Court therefore DENIES Scott's motions, ECF 101, 103, except for the redactions
20  Bulova proposes, which are addressed below.

21  The table below sets out the Court's rulings on the redactions Bulova proposes in its
22  responsive filing, ECF 106, and Bulova's two motions at ECF 111 and 116. Where
23  granted, it is because Bulova's request is narrowly tailored and establishes that the
24  document is sealable under the "compelling reasons" standard.

25  //
26  //
27  //
28  //

| ECF | Material Sought to be Sealed | Bulova's Proffered Reason for Sealing | Court's Ruling |
|---|---|---|---|
| 106 | Paragraphs 1(m) (page 8), 6(d), 7(c), 10(d), and footnote 26 of the Expert Report of Larry Steven Londre (ECF 117-4) | Reveals confidential and competitively sensitive Bulova business information, including non-public information regarding Bulova's marketing strategies, sales and budgets, and negotiated agreements with third parties. | GRANTED. |
| 111 | Ex. A to Presser Decl. (ECF 111-4) (BUL001598-BUL001603) | Contains confidential and proprietary information regarding the technical specifications for the Commemorative Lunar Watch. | GRANTED. |
|  | Ex. B to Presser Decl. (ECF 111-4) (BUL043178-043179) | Reveals Bulova's confidential marketing strategies in relation to its development of media content. | DENIED. The Court cannot discern any confidential marketing strategies revealed in this exchange. |
| 116 | Ex. A to Presser Decl. (ECF 116-4) (BUL007315-BUL007316) | Public disclosure of this email would allow Bulova's competitors to take advantage of Bulova's "damage control" strategies and would place Bulova at a competitive disadvantage in its future negotiations with public relations firms. | GRANTED. |
|  | Ex. B to Presser Decl. (ECF 116-4) (BUL023896-BUL023925) | Reveals Bulova's marketing strategies that Bulova's competitors could copy or counteract by, for example, marketing competing products to Bulova's target audience. | GRANTED. |
|  | Ex. C to Presser Decl. (ECF 116-4) (BUL009826-BUL009827) | Discusses Bulova's confidential price point and distribution plans for the Commemorative Lunar Watch and discusses Bulova's decision-making process for selecting a public relations firm. | GRANTED. |
|  | Ex. D to Presser Decl. (ECF 116-4) (BUL001598-BUL001603) | Contains non-public, proprietary technical specifications for the Watch, reveals Bulova's plans and strategies for developing the | GRANTED. |

| | | |
|---|---|---|
| | Watch, and discloses Bulova's confidential manufacturing partner. | |
| Ex. E to Presser Decl. (ECF 116-4) (BUL010345-BUL010371) | Contains Bulova's sales information, which could reveal Bulova's business strategies in connection with the sale and distribution of its products. | DENIED. The request is not narrowly tailored. |
| Ex. F to Presser Decl. (ECF 116-4) (BUL043178-BUL043179) | Reveals Bulova's strategies for developing content in collaboration with the media, which could allow Bulova's competitors to copy or undermine Bulova's strategies. | GRANTED. |

By January 25, 2018, the following documents must be filed publicly and in unredacted form:

- All documents sought to be sealed in Scott's motions (ECF 101 and 103), except the redactions to the Londre expert report articulated above.
- Exhibit B to Presser Declaration (BUL043178-043179)
- Exhibit E to the Presser Declaration (BUL010345-BUL010371).

*See* Civ. L.R. 79-5(f)(2).

In the interest of justice, Bulova may submit by January 23, 2018, an optional follow-up declaration proposing narrow redactions, rather than wholesale sealing, to Exhibit E to the Presser Declaration.

**IT IS SO ORDERED.**

Dated: January 18, 2018                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge